Argued and submitted September 14, 1998, decision of Court of Appeals and order of Workers' Compensation Board reversed; case remanded to Workers' Compensation Board August 5, reconsideration denied October 6, 1999

## OREGON OCCUPATIONAL SAFETY & HEALTH DIVISION,
*Petitioner on Review,*

*v.*

## DON WHITAKER LOGGING, INC.,
*Respondent on Review.*

(SH-91058; CA A90413; SC S44586)

985 P2d 1272

Jas. J. Adams, Assistant Attorney General, Salem, argued the cause for petitioner on review. Erika L. Hadlock, Assistant Attorney General, filed the briefs for petitioner on

review. With her on the petition for review were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General. With her on the brief on the merits were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jas. J. Adams, Assistant Attorney General.

Elliott C. Cummins, of Cummins, Goodman, Fish & Platt, P.C., McMinnville, argued the cause and filed the briefs for respondent on review.

Before, Carson, Chief Justice, and Gillette, Van Hoomissen, and Durham, Justices.**

VAN HOOMISSEN, J.

---

** Kulongoski, Leeson, and Riggs, JJ., did not participate in the consideration or decision of this case.

## VAN HOOMISSEN, J.

Petitioner, Oregon Occupational Safety and Health Division (OR-OSHA), seeks judicial review of a Court of Appeals' decision affirming an order of an administrative law judge (ALJ) that dismissed a citation charging respondent, Don Whitaker Logging Company (employer), with violations of several safety rules under the Oregon Safe Employment Act (OSEA).[1] *OR-OSHA v. Don Whitaker Logging, Inc.*, 148 Or App 464, 941 P2d 1025 (1997). The issue is whether, under the OSEA and its implementing regulations, proof that a supervisor, acting in the discharge of the supervisor's authorized employment duties, personally committed a safety violation and knew or reasonably could have known about the presence of the violation establishes employer "knowledge" of that violation. We hold that it does. Accordingly, we reverse the decision of the Court of Appeals.

The essential facts are not disputed. This case arose from a logging accident that occurred when the supervisor of a rigging crew signaled that it was safe to move logs while the supervisor and two other employees were standing in the logs' path. One log struck all three employees, each of whom suffered serious injuries.

OR-OSHA's Safety Compliance Officer, Hoffman, conducted an investigation after the accident. Thereafter, Hoffman issued a citation to employer charging serious violations of several safety standards. At issue on review are five of those alleged violations. Items 1-2A, 1-2C, 1-3, and 1-4 stem from the accident itself and respectively, allege violations of *former* OAR 437-80-330(7), *former* OAR 437-80-330(10), *former* OAR 437-80-160(3), and *former* OAR 437-80-330(9).[2] Item 1-6 alleged that no monthly safety meeting had

---

[1] The Oregon Safe Employment Act is found at ORS 654.001 to ORS 654.295, ORS 654.750 to ORS 654.780, and ORS 654.991. For a brief overview of the Oregon Safe Employment Act, see *Miller v. Georgia-Pacific Corp.*, 294 Or 750, 752-53, 662 P2d 718 (1983). A historical summary of the Act is found in *Hillman v. North Wasco Co. PUD*, 213 Or 264, 287-96, 323 P2d 664 (1958). *See also* Keith Skelton, *Workmen's Compensation in Oregon: The Years After*, 12 Willamette L J 6-7 (1975) (describing Act).

[2] Those rules, and the facts giving rise to their alleged violation, are discussed in greater detail in the Court of Appeals' opinion. *See Don Whitaker*, 148 Or at 466-67 nn 2-9.

been conducted for two months before the accident, in violation of *former* OAR 437-80-015(3).

Employer appealed the citation and requested a hearing before an ALJ. At the close of OR-OSHA's case-in-chief, employer moved to dismiss items 1-2A, 1-2C, 1-3, and 1-4 on the ground that OR-OSHA had failed to show that employer had either actual or constructive knowledge of the alleged violations. The ALJ agreed and dismissed the violations. The ALJ reasoned that because the supervisor "had no real knowledge that he was about to do [an] 'unknowing and unthinking act,' " no knowledge could be imputed to the employer. The ALJ also dismissed item 1-6, on the ground that employer's evidence conclusively established that employer had held the required safety meetings. OR-OSHA petitioned for judicial review.[3]

In the Court of Appeals, OR-OSHA cited *former* OAR 437-01-760(3)(c),[4] which provided:

"Any supervisors or persons in charge of work are held to be the agents of the employer in the discharge of their authorized duties, and are at all times responsible for:

"(A)   The execution in a safe manner of the work under their supervision; and

"(B)   The safe conduct of their crew while under their supervision;

"(C)   The safety of all workers under their supervision."

OR-OSHA argued that OAR 437-01-760(3)(c) requires that a supervisor's knowledge of a violation will be imputed to the employer in most circumstances and that, with regard to the dismissal of items 1-2A, 1-2C, 1-3, and 1-4 here, the ALJ had erred in failing to impute the supervisor's knowledge of the violations to employer.

---

[3] For purposes of judicial review, the order of an administrative law judge in a contested case is deemed to be a final order of the Workers' Compensation Board. ORS 654.290(2)(b).

[4] *Renumbered as* OAR 437-001-0760(3) (1999). For ease of discussion, throughout this opinion we cite to *former* OAR 437-01-760(3)(c).

The Court of Appeals disagreed, holding that a supervisor who violates the employer's policy by breaking a safety rule is *not* acting as the employer's agent:

> "OR-OSHA argues that, because [OAR 437-01-760(3)(c)] provides that supervisors are the agents of the employer 'at all times,' a supervisor's knowledge of a violation, whether actual or constructive, must be imputed to the employer. However, OAR 437-01-760(3)(c), upon which OR-OSHA relies, also provides that supervisors are agents of employers 'in the discharge of their authorized duties.' That being so, a supervisor is *not* the employer's agent when that supervisor commits a violation, contrary to the employer's policy. That is because, under those circumstances, committing the violation does not fall within the discharge of the supervisor's authorized duties. * * * We do not construe OAR 437-01-760(3)(c) to require that a supervisor's knowledge of his own violation be imputed to an employer in all circumstances."

*Don Whitaker*, 148 Or App at 468 (emphasis in original). The court held:

> "We hold only that, when a supervisor commits a violation, OAR 437-01-760(3)(c) does not *require* that the supervisor's knowledge of that violation be imputed to the employer."

*Id.* at 469 (emphasis in original).[5] We allowed OR-OSHA's petition for review.

■ On review, OR-OSHA contends that the Court of Appeals erred in interpreting OAR 437-01-760(3)(c), arguing that the court's interpretation is contrary to the protective purposes of the OSEA and the rule's text, and that it misapplies principles of agency law. OR-OSHA concedes that it must prove that employer knew or, with the exercise of reasonable diligence, could have known of the presence of the violation. Focusing on its evidence that employer's supervisor personally had committed the violation while he was supervising his crew, and relying on OAR 437-01-760(3)(c), OR-OSHA argues that the supervisor's status as a supervisor

---

[5] The Court of Appeals also affirmed the dismissal of item 1-6 on the ground that OR-OSHA's assignment of error with respect to that issue was not preserved. *Don Whitaker*, 148 Or App at 471. OR-OSHA does not challenge that ruling in this court, and we do not consider it.

is sufficient to establish employer "knowledge" of the violations.

OR-OSHA further argues that the Court of Appeals misinterpreted the phrase "in the discharge of their authorized duties." *Don Whitaker*, 148 Or App at 468-69. OR-OSHA posits that a safety violation is an *act* and that when employer's supervisor committed the act of violating the safety rules, he was carrying out an authorized *duty, i.e.*, signaling his crew to move the logs. Thus, OR-OSHA asserts, the proper inquiry is not whether the safety violation is authorized but, rather, whether the violation occurred while the supervisor was carrying out his authorized duties within the scope of his employment. OR-OSHA reasons that, although committing a safety violation may not be an authorized act, it does not follow logically from the commission of a violation that the supervisor's duties of directing his crew were not authorized. Additionally, OR-OSHA argues that the Court of Appeals incorrectly relied on nonbinding federal case law interpreting the federal Occupational Safety and Health Act (OSHA) because 29 USC § 651 *et seq.* includes no regulation analogous to OAR 437-01-760(3)(c).

Employer responds that this court should adopt the "reasonable foreseeability" test used in some federal courts to measure employer "knowledge" under the federal OSHA.[6] Applying that test, employer argues that it reasonably could not have foreseen its supervisor's alleged violations and, therefore, it did not have actual or constructive "knowledge" of the alleged violations. Employer also argues that OR-OSHA's interpretation of the rule is counterproductive, in that it does not tend to promote workplace safety.

■ This case requires the court to interpret OAR 437-01-760(3)(c). In determining the meaning of an administrative rule, this court's role is the same as its role in determining the meaning of a statute, *viz.*, to determine the meaning of the words used, giving effect to the intent of the enacting body, here, the Director of the Department of Consumer and

---

[6] *See, e.g., Martin v. OSHRC*, 947 F2d 1483, 1484-85 (11th Cir 1991); *Mountain States Tel. & Tel. v. OSHRC*, 623 F2d 155, 158 (10th Cir 1990); *Pennsylvania P. & L. v. OSHRC*, 737 F2d 350, 358 (3d Cir 1984); *Ocean Electric Corp. v. Sec. of Labor*, 594 F2d 396, 399-401 (4th Cir 1979) (all employing such a test).

Business Services (Director). *Abu-Adas v. Employment Dept.*, 325 Or 480, 485, 940 P2d 1219 (1997); *see also PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (court's task in determining legislative intent first is to examine text of statute, including context in which statute is found and, if intent is clear, then to proceed no further with analysis).[7]

The legislature delegated broad rule making authority to the Director to enforce the OSEA. ORS 654.003; ORS 654.025; ORS 654.035. Under that grant of authority, the Director promulgated OAR 437-01-760(3)(c), which sets out the circumstances under which the state will hold employers responsible for the acts of their supervisors.

We conclude, however, that the text of OAR 437-01-760(3)(c) itself does not provide a definitive answer to the question presented in this case. At the same time, we are not persuaded by the Court of Appeals' analysis in interpreting the phrase "in the discharge of their authorized duties." The Court of Appeals summarily concluded that a supervisor's safety violation could not be imputed to the employer "because, under those circumstances, committing the violation does not fall within the discharge of the supervisor's authorized duties." *Don Whitaker*, 148 Or App at 468. The court then supported its conclusion with citations to nonbinding cases interpreting the federal OSHA, without responding to OR-OSHA's argument that, because the federal Act contains no rule analogous to OAR 437-01-760(3)(c), those cases are inapposite here.

More troubling, perhaps, is the fact that, under the court's interpretation of the rule, it is difficult for us to imagine when a supervisor's safety violation would fall within the supervisor's "authorized duties," given that almost all

---

[7] This is not a case in which we apply the deferential standard of *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), to OR-OSHA's interpretation of the rule. We apply the deferential standard only when the body interpreting the rule also is the body that promulgated it. Here, the rule was promulgated by the Director of the Department of Business Services, not by OR-OSHA. We, therefore, assess the correctness of OR-OSHA's interpretation without according any deference to OR-OSHA's proposed interpretation. *See Dunning v. Corrections Facility Siting Authority*, 325 Or 269, 277 n 4, 935 P2d 1209 (1997) (declining to defer to agency's interpretation of rule).

employers will have applicable safety policies. Under the Court of Appeals' reasoning, it appears that an employer cannot be liable for a supervisor's safety violation so long as the employer has a policy prohibiting the individual act or acts which led to the safety violation. To us, that interpretation of the rule defeats its purpose.

We conclude that the Court of Appeals' assumption that adopting OR-OSHA's interpretation of OAR 437-01-760(3)(c), in effect, would make employers strictly liable for *any* OSHA violation is not well-taken. OSHA is a fault-based system. In this case, OR-OSHA has the burden of proving that: (1) the supervisor personally committed a serious violation of a safety law, regulation, standard, rule, or order; and (2) the supervisor was acting within the scope of his authorized duties. If OR-OSHA proves those elements under OAR 437-01-760(3)(c), then facts that the supervisor knew or reasonably could have known are attributable to employer because of their agency relationship. Of course, OR-OSHA may attempt to prove employer knowledge, or what employer, with the exercise of reasonable diligence, would have known, in a variety of ways.

On the other hand, an employer is not responsible for a safety violation if it "did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." *Former* OAR 437-01-015(54)(a)(A).[8] If OR-OSHA presents evidence demonstrating employer's knowledge under OAR 437-01-760(3)(c), then employer still may offer relevant evidence that, in the particular circumstances, it should not be held responsible. Thus, employer simply is wrong in arguing that OR-OSHA's interpretation of its rule, in effect, creates an irrebuttable presumption of employer "knowledge" in *all* circumstances.

We further conclude that the Court of Appeals' reliance on federal cases is misplaced. As OR-OSHA correctly points out, OAR 437-01-760(3)(c) is unique to Oregon and has no counterpart in the federal OSHA. Moreover, although employer argues that OR-OSHA's interpretation of the rule is counterproductive, this court may not consider the rule's

---

[8] *Renumbered as* OAR 437-001-0015(54)(a)(A).

effectiveness. Our scope of review is narrow. We review the ALJ's legal conclusion concerning the meaning of the rule and what OR-OSHA must prove under the rule to establish employer's "knowledge." *See* ORS 654.290(1) (judicial review shall be as provided by ORS 183.310 to ORS 183.550); ORS 183.482(8)(a) (if the court finds that the agency erroneously has interpreted a provision of law and that a correct interpretation compels a particular action, then it shall remand the case to the agency for further action under a correct interpretation of the law). We are not at liberty to weigh the relative merits of the policy arguments for and against a particular interpretation of the rule.

For the reasons explained above, we hold that, under the OSEA and its implementing regulations, proof that a supervisor, acting in the discharge of his authorized employment duties, personally committed a safety violation, or knew or reasonably could have known of the presence of the violation, establishes knowledge that the ALJ may attribute to employer. Because the ALJ held to the contrary, the order must be reversed.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.