Argued and submitted September 14, 1998, decision of Court of Appeals affirmed; order of Workers' Compensation Board reversed and case remanded to Workers' Compensation Board for further proceedings September 16, 1999

## OREGON OCCUPATIONAL SAFETY & HEALTH DIVISION,
*Petitioner on Review,*

*v.*

## TOM O'BRIEN CONSTRUCTION CO., INC.,
*Respondent on Review.*

### (SH-93278; CA A89391; SC S44585)

986 P2d 1171

Jas. J. Adams, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Elliott C. Cummins, of Cummins, Goodman, Fish & Platt, P.C., McMinnville, argued the cause and filed the briefs for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, and Durham, Justices.**

VAN HOOMISSEN, J.

_____

** Kulongoski, Leeson, and Riggs, JJ., did not participate in the consideration or decision of this case.

## VAN HOOMISSEN, J.

Petitioner, Oregon Occupational Safety and Health Division (OR-OSHA), challenges a Court of Appeals' decision reversing and remanding an order of an administrative law judge (ALJ) dismissing a citation charging respondent, Tom O'Brien Construction Company (employer), with violating a safety standard. *OR-OSHA v. Tom O'Brien Construction Co. Inc.*, 148 Or App 453, 941 P2d 550 (1997). The ALJ concluded that OR-OSHA had failed to establish that employer knew, or with reasonable diligence could have known, of the violation. *Id.* at 458.

On judicial review, the Court of Appeals reversed the ALJ's dismissal, concluding that the ALJ had erred in sustaining employer's objection to certain evidence offered by OR-OSHA concerning employer's response to a previous citation that had been issued to employer for an alleged violation of the safety standard. The court agreed with OR-OSHA that the evidence was relevant to whether employer had reason to know of the present violation and that OR-OSHA substantially was prejudiced by the erroneous ruling. Because the court concluded that the evidentiary issue was dispositive, it did not rule on OR-OSHA's second assignment of error, which involved the propriety of what is known in cases decided under the federal Occupational Safety and Health Act, 29 USC §§ 651-678 (OSHA), as the "rogue supervisor" defense.[1]

OR-OSHA petitioned this court for review, seeking a determination whether the rogue supervisor defense properly applies to proceedings under Oregon's counterpart to OSHA, the Oregon Safe Employment Act, ORS 654.001 to ORS 654.295, ORS 654.750 to ORS 654.780, and ORS 654.991. We decline to address the argument that OR-OSHA advances on review.[2] The court's decision in the companion case to this one, *OR-OSHA v. Don Whitaker Logging, Inc.*,

---

[1] For a discussion of that defense, see *Tom O'Brien Construction*, 148 Or App at 456. *See also Mountain States Tel. & Tel. v. Occupational Safety*, 623 F2d 155, 157 n 3 (10th Cir 1980) (describing rationale underlying rogue supervisor defense).

[2] Neither party has challenged the Court of Appeals' disposition of the evidentiary issue concerning the previous citation.

329 Or 256, 985 P2d 1272 (1999), addresses an argument similar, if not identical, to OR-OSHA's argument in this case. The ALJ will have an opportunity to consider the import of that decision on remand.

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.