Argued and submitted June 24, 2011, affirmed February 8, 2012

OREGON OCCUPATIONAL SAFETY
& HEALTH DIVISION,
*Petitioner,*

*v.*

CC & L ROOFING CO., INC.,
*Respondent.*

Workers' Compensation Board
0800149SH; A145312

273 P3d 178

Inge D. Wells, Senior Assistant Attorney General, argued the cause for petitioner. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

George W. Goodman argued the cause for respondent. With him on the brief were Andrew H. Graham and Cummins, Goodman, Fish, Denley & Vickers, P.C.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

### ARMSTRONG, J.

The Oregon Occupational Safety & Health Division (OR-OSHA) seeks judicial review of an order of an administrative law judge (ALJ)[1] setting aside a citation charging respondent CC & L Roofing Co., Inc. (CC) with violating OAR 437-003-1501[2] by not ensuring that fall protection systems were provided, installed, and implemented when employees were exposed to a hazard of falling 10 feet or more to a lower level. Because this was a repeat violation, the citation proposed a $25,000 penalty. CC denied the allegation and requested a hearing. An ALJ issued an order that vacated and set aside the citation, and OR-OSHA seeks judicial review. The question that OR-OSHA presents on review is whether the ALJ misallocated the burden of proof by including the efficacy of CC's safety program as a consideration in determining whether CC had knowledge of the violation rather than treating it as an affirmative defense.

The underlying facts are largely undisputed. CC, a roofing contractor, was cited for a serious violation, as defined in ORS 654.086(2),[3] after an OR-OSHA compliance officer saw two employees, Bryum and Tatum, working more than 10 feet above the ground without using fall protection equipment. Tatum was the "lead man" on the job. The inspector determined that both Tatum and Bryum had been adequately trained in the use of fall protection equipment and that, as the lead man, Tatum's violation of the safety rule, as well as his allowance of Byrum's violation, could be imputed to CC. The inspector thus issued a citation for violation of safety standards involving the use of fall protection.

---

[1] Pursuant to ORS 654.290(2)(b), the ALJ's order is deemed to be a final order of the Workers' Compensation Board.

[2] OAR 437-003-1501 provides, as relevant:

"Except as otherwise provided * * * when employees are exposed to a hazard of falling 10 feet or more to a lower level, the employer shall ensure that fall protection systems are provided, installed, and implemented according to the criteria in [29 CFR §] 1926.502."

[3] A serious violation, as defined in ORS 654.086(2), is one in which there is a

"substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations or processes which have been adopted or are in use, in such place of employment, unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."

Because the charged violation is classified as "serious," OR-OSHA was required to establish that CC had either actual or constructive knowledge of the violation. ORS 654.086. In its request for hearing, CC asserted that it did not have actual knowledge of Tatum's violation and, further, that it should not be held to have had constructive knowledge of the violation, in light of Tatum's misconduct in failing to comply with CC's safety requirements. The ALJ found that Byrum and Tatum had been exposed to a significant hazard as a result of not having used adequate fall protection equipment. The ALJ found, however, that OR-OSHA had failed to establish that CC had actual knowledge of the violation. The ALJ further found that CC had done everything that it could to supply, train, and prepare its employees to work in compliance with OR-OSHA's rules and had exercised reasonable diligence to ensure that its workers adhered to company policy and OR-OSHA rules regarding fall protection. He found that Tatum's failure to wear fall protection was willful misconduct.

The ALJ reasoned that, under Oregon case law, *OR-OSHA v. Don Whitaker Logging, Inc.*, 329 Or 256, 264, 985 P2d 1272 (1999),

> "if the evidence shows that an employer did everything an employer could do in the exercise of reasonable diligence to ensure its workers' adherence to company and OR-OSHA rules, the willful misconduct by a supervisory employee should not be imputed to the employer unless the employer actually knew of the conduct and did not take action to stop it."

Accordingly, the ALJ concluded that Tatum's conduct should not be imputed to CC and that OR-OSHA had therefore failed to establish either CC's actual or constructive knowledge of the violation, and he set aside the citation.

There is no contention on review that CC had actual knowledge of the safety violation. Both parties acknowledge, however, that *Don Whitaker Logging* holds that evidence that a supervisor knowingly violated a safety standard is sufficient to meet OR-OSHA's initial burden of production on constructive knowledge—that is, to make a *prima facie* case. OR-OSHA also agrees that, under *Don Whitaker Logging*,

the "particular circumstances," including supervisor misconduct, may be offered to prevent an employer from being held responsible for a safety violation. However, OR-OSHA contends that, under a correct view of the law, evidence of supervisor misconduct is not considered in the determination of whether the employer had constructive knowledge; rather, it may be offered as an "affirmative defense" to the employer's liability. Thus, on judicial review, OR-OSHA takes issue with the ALJ's analysis and asserts that, in concluding that OR-OSHA had failed to establish constructive knowledge because the evidence showed that Tatum's violation constituted misconduct, the ALJ improperly conflated the "employer knowledge" requirement of ORS 652.086(2) with what OR-OSHA considers to be the "affirmative defense" of employee misconduct. OR-OSHA contends that the employer's constructive knowledge is established with proof of a violation by the supervisor, and that, if the employer seeks to avoid liability based on an employee's misconduct, it bears the burden of proving the misconduct as an affirmative defense.

We have previously rejected OR-OSHA's argument in *OR-OSHA v. Tom O'Brien Construction Co., Inc.*, 148 Or App 453, 456, 941 P2d 550 (1997), *aff'd*, 329 Or 348, 986 P2d 1171 (1999), in an analysis essentially upheld by the Supreme Court in *Don Whitaker Logging*. In *Tom O'Brien Construction*, OR-OSHA contended that a supervisor's knowledge of a safety violation should be imputed to the employer in order to establish the employer's constructive knowledge of the violation. At the hearing, the employer had introduced evidence that it had exercised reasonable diligence to assure compliance with safety standards and to discover employee noncompliance and had invited the inference that any violation was due solely to the supervisor's unauthorized act. 148 Or App at 457. OR-OSHA contended that that evidence should have been excluded, because it was relevant only to what OR-OSHA characterized as an affirmative defense, which had not been asserted by the employer. We rejected OR-OSHA's contention, stating that, "in substance[,] it is not [an affirmative defense], because it negates the knowledge element of a serious violation." *Id.* at 459. We explained:

"We have previously held, and OR-OSHA concedes, that, for an employer to be liable for a serious violation, OR-OSHA must prove that employer knew, or with the exercise of reasonable diligence could have known, of the violation. * * * Because it is an element of the violation, OR-OSHA bears the burden of persuasion on employer knowledge. *See Skirvin v. Accident Prevention Division*, [32 Or App 109, 112-15, 573 P2d 747, *rev den*, 282 Or 385 (1978)] (reversible error to shift burden of persuasion to employer to show that it *lacked* knowledge of the violation). Thus, employer knowledge is a *prima facie* element of a serious violation, and OR-OSHA retains the burden of persuasion on that issue.

"Rogue supervisor evidence tends to show that an employer had no reason to know of a supervisor's violation, *i.e.*, that it had no constructive knowledge of the violation. Although OR-OSHA characterizes the rogue supervisor defense as an affirmative defense, in substance it is not, because it negates the knowledge element of a serious violation. Thus, the ALJ did not err in admitting employer's evidence in support of a rogue supervisor defense even though employer did not provide notice that it intended to rely on that defense."

*Id.* (Emphasis in original; some citations omitted.) We held, in essence, that the "rogue supervisor defense" is not a true affirmative defense, but is evidence that rebuts evidence of constructive knowledge by supporting the inference that the employer did not have reason to know of the violation, that is, that it should not be deemed to have constructive knowledge of it. *See OR-OSHA v. Don Whitaker Logging, Inc.*, 148 Or App 464, 470 n 11, 941 P2d 1025 (1997), *rev'd on other grounds*, 329 Or 256, 985 P2d 1272 (1999).

The Supreme Court affirmed our decision in *Tom O'Brien Construction* but did not write to address the "rogue supervisor defense," instead referring the reader to its opinion in *Don Whitaker Logging* and stating that it "addresses an argument similar, if not identical, to OR-OSHA's argument in this case." *Tom O'Brien Construction*, 329 Or at 351. Because the Supreme Court's reasoning in *Don Whitaker Logging* is central to our analysis, we discuss it extensively here. The court began with a discussion of OAR 437-001-0760, the administrative rule that addresses the employer's

constructive knowledge of a violation based on the knowledge of a supervisor. OAR 437-001-0760(1)(e)[4] provides:

> "Any supervisors or persons in charge of work are the agents of the employer in the discharge of their authorized duties, and are responsible for:
>
> "(A) The safe performance of the work under their supervision; and
>
> "(B) The safe conduct of the crew under their supervision; and
>
> "(C) The safety of all workers under their supervision."

OR-OSHA asserted in *Don Whitaker Logging*, that, under that rule, a supervisor's knowledge of a violation will be imputed to the employer in most circumstances, because the supervisor acts as the employer's agent. We had rejected that contention, holding that a supervisor who violates the employer's policy by breaking a safety rule is not acting as the employer's agent. 148 Or App at 468-69. In so concluding, we relied on federal case law interpreting 29 USC section 651(b), explaining that federal law was persuasive in interpreting the Oregon counterpart.

The Supreme Court explained why it rejected our view that a supervisor's knowledge of a violation could not be imputed to the employer:

> "The Court of Appeals summarily concluded that a supervisor's safety violation could not be imputed to the employer 'because, under those circumstances, committing the violation does not fall within the discharge of the supervisor's authorized duties.' *Don Whitaker*, 148 Or App at 468. The court then supported its conclusion with citations to nonbinding cases interpreting the federal OSHA, without

---

[4] At the time of the decisions in *Don Whitaker Logging* and *Tom O'Brien Construction*, the provision equivalent to subsection (1)(e) of the rule was codified in subsection (3)(c) of it. Further, the numbering system for Oregon administrative rules changed over the course of those cases. *See Don Whitaker Logging*, 329 Or at 259 n 4. To minimize confusion, we refer to the rule by its current citation and have modified quotations from *Don Whitaker Logging* and *Tom O'Brien Construction* to reflect that.

responding to OR-OSHA's argument that, because the federal Act contains no rule analogous to OAR [437-001-0760(1)(e)], those cases are inapposite here.

"More troubling, perhaps, is the fact that, under the court's interpretation of the rule, it is difficult for us to imagine when a supervisor's safety violation would fall within the supervisor's 'authorized duties,' given that almost all employers will have applicable safety policies. Under the Court of Appeals' reasoning, it appears that an employer cannot be liable for a supervisor's safety violation so long as the employer has a policy prohibiting the individual act or acts which led to the safety violation. To us, that interpretation of the rule defeats its purpose.

"We conclude that the Court of Appeals' assumption that adopting OR-OSHA's interpretation of OAR [437-001-0760(1)(e)], in effect, would make employers strictly liable for any OSHA violation is not well-taken. OSHA is a fault-based system. In this case, OR-OSHA has the burden of proving that: (1) the supervisor personally committed a serious violation of a safety law, regulation, standard, rule, or order; and (2) the supervisor was acting within the scope of his authorized duties. If OR-OSHA proves those elements, under OAR [437-001-0760(1)(e)], then facts that the supervisor knew or reasonably could have known are attributable to employer because of their agency relationship. Of course, OR-OSHA may attempt to prove employer knowledge, or what employer, with the exercise of reasonable diligence, would have known, in a variety of ways."

*Don Whitaker Logging*, 329 Or at 262-63. The court held that

"proof that a supervisor, acting in the discharge of his authorized employment duties, personally committed a safety violation, or knew or reasonably could have known of the presence of the violation, establishes knowledge that the ALJ *may* attribute to the employer."

*Id.* at 264 (emphasis added). Thus, the court held, proof that a supervisor knew or reasonably could have known of the violation may be attributable to the employer in order to prove constructive knowledge.

The court then addressed the effect of a different administrative rule's requirement, now embodied in ORS 654.086(2), that an employer is not responsible for a safety

violation if it "did not, and could not with the exercise of reasonable diligence, know of the presence of the violation":

> "On the other hand, an employer is not responsible for a safety violation if it 'did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.' *Former* OAR [437-001-0015(54)(a)(A)]. If OR-OSHA presents evidence demonstrating employer's knowledge under OAR [437-001-0760(1)(e)], employer still may offer relevant evidence that, in the particular circumstances, it should not be held responsible. Thus, employer simply is wrong in arguing that OR-OSHA's interpretation of its rule, in effect, creates an irrebuttable presumption of employer 'knowledge' in *all* circumstances."

329 Or at 263 (emphasis in original). The court characterized evidence offered by an employer to show that the employer "did not, and could not with the exercise of reasonable diligence, know of the presence of the violation" as evidence that negates the presumption that arises from proof of the supervisor's knowledge of a violation, and as evidence to be considered in determining whether the supervisor's knowledge should be attributed to the employer.

In explaining his understanding of *Don Whitaker Logging*, it is clear that the ALJ understood that evidence of the particular circumstances can be considered in the determination of constructive knowledge. The ALJ said that the statutes and administrative rules contemplate that "the reasonableness of the employer's efforts in promoting safety and employee adherence to OR-OSHA rules must be considered in determining whether 'knowledge' should be imputed." As OR-OSHA argues, it is clear that the ALJ treated the efficacy of CC's safety program and supervisor misconduct as relevant to the determination whether OR-OSHA had established that CC had constructive knowledge of the violation. Contrary to OR-OSHA's contention, under this court's and the Supreme Court's case law, the ALJ properly construed OAR 437-001-0760, and properly considered CC's evidence of a safety program and the supervisor's violation of CC's rules in determining whether OR-OSHA had met its burden of persuasion that CC had constructive knowledge of the violation so as to support a citation for a serious safety violation.

Affirmed.