GARRETT, J.
*832 The Oregon Occupational Safety & Health Division (OR-OSHA) seeks judicial *323 review of an order of the Workers' Compensation Board (board) determining that OR-OSHA failed to prove that employer CBI Services, Inc. was liable for safety violations under the Oregon Safe Employment Act (OSEA). At issue is whether the administrative law judge (ALJ), on remand from the Supreme Court, OR-OSHA v. CBI Services, Inc. , 356 Or. 577, 341 P.3d 701 (2014), erred in concluding that OR-OSHA's interpretation and application of the delegative term "reasonable diligence" under ORS 654.086(2) was not entitled to deference, and, based solely on that conclusion, determining that OR-OSHA had failed to prove the violations. We conclude that the ALJ did not err in concluding that part of OR-OSHA's interpretation of ORS 654.086(2) was not entitled to deference; however, we also conclude that the ALJ erred in determining that OR-OSHA had failed to prove a violation. Accordingly, we reverse and remand.
We begin with the relevant legal background. The OSEA requires every employer to "furnish employment and a place of employment which are safe and healthful for employees." ORS 654.010. The director of the Department of Consumer and Business Services is vested with the responsibility for enforcing the terms of the OSEA. ORS 654.025(1). In doing so, the director, or the director's authorized representative, can cite an employer for violations of those rules and impose civil penalties. ORS 654.031 ; ORS 654.086(1). The amount of a penalty depends on, among other things, whether the violation is "serious." A "serious violation" occurs if:
"there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation ."
ORS 654.086(2) (emphasis added).
*833 If an employer contests a citation for a serious violation, then OR-OSHA has the burden of proving the violation by a preponderance of the evidence. OAR 438-085-0820(1), (3). As part of its burden, OR-OSHA must prove that the employer either actually knew, or could have known with the exercise of reasonable diligence, of the violation. See ORS 654.086(2) ; OR-OSHA v. Tom O'Brien Construction Co., Inc. , 148 Or.App. 453, 459, 941 P.2d 550 (1997), aff'd , 329 Or. 348, 986 P.2d 1171 (1999) ("We have previously held * * * that, for an employer to be liable for a serious violation, OR-OSHA must prove that employer knew, or with the exercise of reasonable diligence could have known, of the violation." (Citing Accident Prevention Div. v. Roseburg Forest Prod. , 106 Or.App. 69, 72-73, 806 P.2d 172 (1991).)); Skirvin v. Accident Prevention Division , 32 Or.App. 109, 112-15, 573 P.2d 747, rev. den. , 282 Or. 385 (1978).[1] OR-OSHA's burden of persuasion may not be shifted to the employer. Skirvin , 32 Or.App. at 112-15, 573 P.2d 747. Generally, knowledge by a supervisor can be imputed to the employer. See OR-OSHA v. Don Whitaker Logging, Inc. , 329 Or. 256, 264, 985 P.2d 1272 (1999) ; OAR 437-001-0760(1)(e)(A)-(C) ("every agent of the employer" is responsible for the conduct and safety of "all employees working under" their supervision).
We turn to the relevant facts, which are not in dispute. Employer, a contractor, performed *324 work on a 32-foot-high water treatment tank that was under construction. Brink, a safety compliance officer for OR-OSHA, visited the construction site and saw Crawford working on top of *834 the tank without fall protection (i.e. , a safety harness and lanyard). Brink reported the hazard to the site supervisor, Vorhof, who at that moment was approximately 65 feet away from Crawford with a clear line of sight to his position on top of the tank. As Brink was talking to Vorhof, Brink saw that Bryan was working without fall protection about five or six feet above ground level, also about 65 feet away from Vorhof. Brink cited employer for two "serious violations": first, failure to ensure that Bryan was using fall protection while working above ground level (item one), and second, failure to ensure that Crawford was using fall protection while working above ground level (item two).
Employer contested the citation and requested a hearing. In an order that became final, see ORS 654.290(2), an ALJ vacated item one on the ground that the applicable rules did not require the use of fall protection at heights of less than six feet and OR-OSHA had not demonstrated that Bryan was six feet or more above ground at the time of the alleged violation. The ALJ affirmed item two of the citation, concluding that OR-OSHA had proved the violation as to Crawford because employer's constructive knowledge was established by evidence that Vorhof had been near Crawford and that "there was sufficient time for Vorhof to observe" Crawford.
In employer's first petition for judicial review, employer argued that the ALJ erred in affirming item two of the citation because he used an incorrect legal standard in determining whether OR-OSHA had proved employer's constructive knowledge of Crawford's safety violation. OR-OSHA cross-petitioned, arguing that the ALJ erred in vacating item one of the citation. We reversed and remanded on both the petition and cross-petition. OR-OSHA v. CBI Services, Inc. , 254 Or.App. 466, 485, 295 P.3d 660 (2013).[2] Regarding employer's petition on item two, we concluded that the ALJ had failed to consider key factors in assessing whether employer had exercised "reasonable diligence." Id. at 479-81, 295 P.3d 660. We enumerated several factors that should be considered on remand, including the time and place of the *835 violation in relation to the supervisor, the foreseeability of the violation, and the extent and efficacy of the employer's safety precautions. Id. at 481, 295 P.3d 660.
OR-OSHA then successfully petitioned for review in the Supreme Court. CBI Services, Inc. , 356 Or. at 584, 341 P.3d 701. The Supreme Court agreed with our conclusion as to the Crawford violation, but on a different rationale. The court concluded that the ALJ had failed to make a determination as to employer's reasonable diligence, and had apparently assumed employer's constructive knowledge based solely on Vorhof's close proximity to the violation. Id. at 598-99, 341 P.3d 701. Explaining that a supervisor's ability to observe a violation was "only half of the statutory equation," the court concluded that the ALJ was required to evaluate employer's knowledge "in the context of 'reasonable diligence.' " Id. at 599, 341 P.3d 701. That is, as we understand it, the court disagreed with the ALJ's assumption that a supervisor exercising reasonable diligence will necessarily see every violation that is potentially visible; the agency must explain why, under the circumstances, the exercise of reasonable diligence would yield that degree of attention by supervisor.
The court also declined to adopt our explanation of what additional factors the ALJ was required to consider on remand in resolving whether employer exercised "reasonable diligence." That term, explained the court, is a delegative term that requires interpretation and application by OR-OSHA -not the courts-through the "engage[ment] in value judgment about what is 'reasonable' and what is 'diligence' under the circumstances of each case," consistently with the policies and purposes of the OSEA. Id. at 591, 341 P.3d 701 ; see generally *325 Springfield Education Assn. v. School Dist. , 290 Or. 217, 221-30, 621 P.2d 547 (1980) (clarifying the responsibilities of administrative agencies and courts for interpreting exact terms, inexact terms, and delegative terms in statutes). The court further explained that OR-OSHA's interpretation and application of ORS 654.086(2) is entitled to deference as long as the agency's determination remains " 'within the range of discretion allowed by the [more] general policy of the statute.' " CBI Services, Inc. , 356 Or. at 591, 341 P.3d 701 (quoting Springfield Education Assn. , 290 Or. at 229, 621 P.2d 547 ). The court remanded to the board to determine how OR-OSHA *836 interpreted and applied "reasonable diligence." Id. at 599, 341 P.3d 701. In doing so, the court noted that the factors that we identified on review "may well aid in explaining how 'reasonable diligence' factors into a determination of an employer's constructive knowledge." Id.
On remand, another ALJ heard testimony from OR-OSHA Administrator Wood regarding the agency's interpretation and application of the term "reasonable diligence":
"[U]ltimately it can be a case specific determination. But the general principles that we apply are that an employer has exercised reasonable diligence when the employer takes steps to anticipate hazards that will occur on the job-site, addresses those hazards appropriately through work rules or other mechanisms to ensure that those hazards are corrected or that the risks they represent are mitigated. And then effectively addresses those from an enforcement standpoint. As a practical matter, we operate and give guidance to our staff that if they're able to discover a violation then they can presume that the employer could have done so with reasonable diligence and we disregard that presumption only in cases where the employer's able to demonstrate that the particular activity was so unusual or atypical or exceptional that they truly could not have anticipated that it would arise from the employee's duties or from things closely related to those duties.
"The other way that the employer can demonstrate that they could not with reasonable diligence have known of the violation is if they have appropriately anticipated it, they've anticipated the condition, and then they have, essentially, taken steps to address it that were ineffective in this case only as the result of unpreventable employee misconduct."
(Emphasis added.)
Following the hearing, the ALJ issued an order concluding that OR-OSHA's interpretation and application of the term "reasonable diligence" exceeded the agency's discretion delegated by the OSEA. The ALJ reasoned that, because OR-OSHA in practice "presumes" an employer's knowledge of, or reasonable ability to discover, a violation based merely on an inspector's ability to observe a violation, OR-OSHA's application of "reasonable diligence" amounts to an imposition of strict liability on employers, contrary to *837 the fault-based policies of the OSEA, see CBI Services, Inc. , 356 Or. at 597, 341 P.3d 701 ("Under our construction of ORS 654.086(2), the statute remains fault-based."). The ALJ then continued, "because I find OR-OSHA's interpretation and application of 'reasonable diligence' under ORS 654.086(2) to be outside the range of discretion delegated to the agency under the OSEA, I further conclude that OR-OSHA has failed to satisfy its burden of proof regarding employer knowledge regarding both Crawford and Bryan * * *." Accordingly, the ALJ vacated the citation. That order became final. See ORS 654.290(2).
Now, OR-OSHA contends, first, that the ALJ erred in not deferring to the agency's interpretation of "reasonable diligence," and, second, that the ALJ erred in concluding that OR-OSHA had failed to meet its burden of proving employer's violations. Under our standard of review, we will remand if we find that the agency's order violates a statute or if the agency's exercise of discretion falls outside the range of discretion delegated by law. ORS 183.482(8)(b).
We begin with OR-OSHA's first argument. As noted, the ALJ concluded that OR-OSHA's application of ORS 654.086(2) amounts to a strict liability standard. OR-OSHA disagrees, arguing that its application *326 of "reasonable diligence" at most creates a presumption that is rebuttable, remains a fault-based standard, and thus falls within the range of discretion delegated to the agency under the OSEA. Employer responds that OR-OSHA's application of the statute effectively imposes a strict liability standard because it presumes a lack of reasonable diligence in the absence of evidence and impermissibly shifts the burden of production and persuasion on that element to employer.
Although we do not agree with the ALJ and employer that OR-OSHA's application of ORS 654.086(2) imposes a strict liability standard,[3] we nonetheless conclude that OR-OSHA's rebuttable-presumption framework is not *838 entitled to deference because it exceeds the scope of discretion that is afforded by the statute, as the Supreme Court has construed it. OR-OSHA acknowledges that its framework "presumes" that an employer was capable of discovering a violation with reasonable diligence based on nothing more than the fact that an inspector discovered the violation. However, as the Supreme Court has explained, "[t ]hat it was possible for [the supervisor ] to have viewed the violations * * * is only half of the statutory equation . ORS 654.086(2) provides that the possibility of discovering the violation must be evaluated in the context of 'reasonable diligence.' " CBI Services, Inc. , 356 Or. at 599, 341 P.3d 701 (emphasis added). By presuming, from the fact that an inspector observed a violation, that an employer was capable of knowing of a violation with the exercise of reasonable diligence , OR-OSHA effectively purports to make out a prima facie case of employer knowledge by completing "only half of the statutory equation" (and shifting the "reasonable diligence" half to the employer). It would be inconsistent with the Supreme Court's rationale to allow OR-OSHA to make out a prima facie case by taking the "reasonable diligence" component for granted; instead, we conclude that the agency must show why the employer could, with the exercise of reasonable diligence, have been aware of the violation that the agency inspector observed. See Tom O'Brien Construction , 148 Or.App. at 459, 941 P.2d 550 (reversible error to shift burden of persuasion to employer to show that it lacked knowledge of violation (citing Skirvin , 32 Or.App. at 112-15, 573 P.2d 747 ) ).
We turn to the second issue, which is whether the ALJ erred in concluding that OR-OSHA failed to satisfy its burden in proving a violation. Although part of the agency's interpretation of ORS 654.086(2) is not entitled to deference, that alone does not mean that the agency failed to prove a violation. The Supreme Court made clear that it was error for the first ALJ to evaluate OR-OSHA's case without adequately assessing "reasonable diligence." CBI Services, Inc. , 356 Or. at 599, 341 P.3d 701 (explaining that the "ALJ's order in this case lacks any explanation supporting a determination as to employer's reasonable diligence," and accordingly remanding to the board for further proceedings); see also CBI Services, Inc. , 254 Or.App. at 479, 295 P.3d 660 (reversing and remanding because *839 "the ALJ's inquiry in this case was critically shortsighted" because it did not correctly determine "that Vorhof failed to exercise reasonable diligence to detect and prevent" the violations). We conclude that the second ALJ made a similar error here when she determined that, because the agency's interpretation and application of the statute was not entitled to deference, it followed that "OR-OSHA has failed to satisfy its burden of proof regarding employer knowledge." But one does not necessarily follow from the other. Rather, the ALJ must evaluate the evidence according to an interpretation and application of "reasonable diligence" by OR-OSHA that is consistent with the policies of the OSEA. CBI Services, Inc. , 356 Or. at 598-99, 341 P.3d 701. Consequently, we again remand so that the board *327 can make that determination and examine the evidence accordingly.[4]
Reversed and remanded.

Although our cases have repeatedly stated-and the parties here agree-that OR-OSHA has the burden to prove employer knowledge as part of its prima facie case of a violation, see Tom O'Brien Construction , 148 Or.App. at 459, 941 P.2d 550, the Supreme Court has declined to express an opinion on the matter. See CBI Services, Inc. , 356 Or. at 587, 341 P.3d 701 (accepting "as a given" that "OR-OSHA must prove employer knowledge as one of the elements of a denied violation," but noting that "we do not mean to suggest that we agree with the Court of Appeals and the parties in that regard[; w]e express no opinion one way or the other on the matter"); id. at 587 n. 3, 341 P.3d 701 (noting that ORS 654.086(2) does not strictly provide that OR-OSHA must prove employer knowledge, and that it "could be argued that the phrasing [of the statute] * * * sets out an affirmative defense"); see also OR-OSHA v. Don Whitaker Logging, Inc. , 329 Or. 256, 260, 985 P.2d 1272 (1999) (accepting, without deciding, that OR-OSHA has burden to prove employer knowledge). Because neither party here contends that our past cases are incorrect in stating that employer knowledge must be proven as part of OR-OSHA's prima facie case, we do not reexamine that principle in this case.

Regarding OR-OSHA's cross-petition on item one, we concluded that the ALJ misinterpreted the applicable rules to include a height requirement. CBI Services, Inc. , 254 Or.App. at 485, 295 P.3d 660. That issue is not before us.

Because OR-OSHA's "rebuttable presumption" framework allows an employer to avoid liability by presenting evidence that it was not at fault-for instance, by showing that the violation was unforeseeable or that the violation was the result of "unpreventable employee misconduct"-the framework is not a strict liability standard. See Oil Re-Refining Co. v. Environmental Quality Comm. , 361 Or. 1, 22, 388 P.3d 1071 (2017) (strict liability allows liability without finding of fault).

On remand, if the ALJ determines that it is impossible to discern from Wood's testimony how OR-OSHA interprets and applies "reasonable diligence" without exceeding OR-OSHA's discretion, then the appropriate procedure is to require the agency to produce a better explanation. Cf. ORS 183.482(8)(b)(A) (court shall remand order to agency if court finds agency's exercise of discretion to be outside range of discretion delegated to agency by law); Nulph v. Board of Parole , 279 Or.App. 652, 662, 381 P.3d 948 (2016), rev. dismissed , 361 Or. 351, 393 P.3d 1180 (2017) (remanding to Board of Parole and Post-Prison Supervision because it failed to exercise its discretion to interpret and apply a delegative term).
We do not necessarily mean to suggest that the ALJ must do that here, however, where Wood's testimony not only discussed a rebuttable presumption framework, but also discussed other general considerations that OR-OSHA apparently uses in evaluating "reasonable diligence," which neither party argues fall outside OR-OSHA's range of discretion. Those considerations include (1) whether the employer could anticipate and mitigate hazards through the implementation and enforcement of workplace rules, (2) whether the particular safety violation was conspicuous, (3) whether the particular safety violation was foreseeable, and (4) whether the particular safety violation was the result of "unpreventable employee misconduct." The first three of those considerations resemble factors that we have previously observed are likely appropriate in evaluating "reasonable diligence"; we see no reason at this time to believe that "unpreventable employee misconduct" would not also be an appropriate consideration. See CBI Services, Inc. , 254 Or.App. at 481, 295 P.3d 660 (in assessing a supervisor's exercise of reasonable diligence, the agency can consider the "time and proximity" of the violation in relation to supervisor, the "foreseeability" of the violation, and the "extent and efficacy of the employer's safety programs and precautions"); see also CBI Services, Inc. , 356 Or. at 599, 341 P.3d 701 (noting that "any or all of the factors that the Court of Appeals mentioned * * * may well aid in explaining how 'reasonable diligence' factors into a determination of an employer's constructive knowledge").