66 October 8, 2025 No. 871

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

OREGON OCCUPATIONAL SAFETY & HEALTH
DIVISION,
*Petitioner,*

*v.*

LABORWORKS INDUSTRIAL STAFFING SPECIALISTS,
*Respondent.*

Workers' Compensation Board
1900027SH;
A181540

OREGON OCCUPATIONAL SAFETY & HEALTH
DIVISION,
*Petitioner,*

*v.*

TRADESMEN INTERNATIONAL HOLDINGS LLC,
*Respondent.*

Workers' Compensation Board
1900011SH;
A181567

Argued and submitted November 1, 2024.

Erin K. Galli, Assistant Attorney General, argued the cause for petitioner. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Aaron K. Owada, Washington, argued the cause for respondents. Also on the brief were James S. Anderson, Owada Law, P. C., and Cummins, Goodman, Denley & Vickers, P. C.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In these petitions for judicial review, consolidated for purposes of this opinion, the Occupational Safety and Health Division of the Oregon Department of Consumer and Business Services, which is also known as OR-OSHA, seeks review of two orders of an administrative law judge (ALJ) of the Workers' Compensation Board. The orders vacated citations issued by OR-OSHA under the Oregon Safe Employment Act (OSEA) against respondents Laborworks Industrial Staffing Specialists, Inc. (Laborworks) and Tradesmen International Holdings, LLC (Tradesmen). Respondents are temporary staffing agencies that provide temporary employees to "host employer" clients. OR-OSHA separately cited respondents for failing to provide their employees with training relating to hazards on the job sites of the "host employers." The ALJ vacated the citations, determining that respondents were not "employers" subject to the OSEA, because they did not control the work premises or supervise the work sites of their employees at the premises of the host employers. On review, OR-OSHA contends that the ALJ misconstrued ORS 654.005, the statutory provision defining who is a subject employee and who is a subject employer, to conclude that respondents were not employers subject to the OSEA. Reviewing the ALJ's orders under ORS 183.482(1) and ORS 654.290(2) for substantial evidence and errors of law, we agree with OR-OSHA's contention that the ALJ committed legal error in the construction of ORS 654.005(5)(a) and (c). Accordingly, we reverse and remand the ALJ's orders for further proceedings.

We summarize the largely undisputed facts from the ALJ's orders. Laborworks assigned its employee, Moody, a maintenance technician, and three other individuals, to work as temporary employees of ALSCO, a commercial laundry. Laborworks had no control over the ALSCO worksite or the work of the Laborworks employees but paid the Laborworks employees' wages and provided them with workers' compensation insurance coverage. Moody filed a complaint against ALSCO with OR-OSHA, which caused an OR-OSHA compliance officer to perform an inspection

of ALSCO. Based on that inspection, OR-OSHA cited both ALSCO and Laborworks.[1]

Tradesmen assigned its employee, Parsons, to Par-Tech Construction, Inc., as a temporary worker. Tradesmen had no control of the Par-Tech worksite or Parsons's work, but Tradesmen paid Parsons's wages and provided Parsons with workers' compensation insurance coverage. Par-Tech was a general contractor providing construction work to the City of Florence at the Florence City Hall. Parsons, a skilled carpenter, worked on the roof of city hall. An OR-OSHA compliance officer inspected the Par-Tech jobsite and noticed that Parsons did not have fall protection. OR-OSHA cited both Par-Tech and Tradesmen under OAR 437-001-0760(1)(a) for failing to ensure that Par-Tech had provided site-specific fall protection training to Parsons.

Both Laborworks and Tradesmen requested a hearing to challenge the citations, contending that, because they had no control over the worksites or the work of their employees, they were not "employers" as defined in ORS 654.005, for purposes of the OSEA. ORS 654.005 defines who is "include[ed]" as an employee and employer under the OSEA:

"As used in this chapter, unless the context requires otherwise:

"* * * * *

"(4)    'Employee' includes:

"(a)    Any individual, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, financial or otherwise, subject to the direction and control of an employer.

"(b) Salaried, elected and appointed officials of the state, state agencies, counties, cities, school districts and other public corporations.

---

[1] OR-OSHA cited Laborworks under ORS 654.010 for failing to provide a safe place of employment, under OAR 437-001-0760(1)(a), and under two federal regulations. The violations related to a failure to provide training on bloodborne pathogen hazards and "lock-out/tag-out" procedures, and a failure to have a written hazard communication program. OAR 437-001-0760(1)(a) provides, in part:

"The employer must see that workers are properly instructed and supervised in the safe operation of any machinery, tools, equipment, process, or practice that they are authorized to use or apply."

"(c)   Any individual who is provided with workers' compensation coverage as a subject worker pursuant to ORS chapter 656, whether by operation of law or by election.

"(5)   Employer' includes:

"(a)   Any person who has one or more employees.

"(b)   Any sole proprietor or member of a partnership who elects workers' compensation coverage as a subject worker pursuant to ORS 656.128.

"(c)   Any successor or assignee of an employer. As used in this paragraph, 'successor' means a business or enterprise that is substantially the same entity as the predecessor employer according to criteria adopted by the department by rule."

The criteria listed in ORS 654.005(4) and (5) are not conjunctive, meaning that they define "employee" and "employer" in three alternative ways. *See Moe v. Beck*, 311 Or 499, 505, 815 P2d 692 (1991) (describing the definition of "owner" in ORS 654.005(6) as defining "owner" in alternative ways).[2] Therefore, any one of the three criteria in each subsection meets the definition of employee or employer. Thus, a person is an "employee" under ORS 654.005(4) if the person meets any one of the three criteria listed in that subsection. Similarly, a person—which is a term defined in ORS 654.005(7)—is an "employer" if the person meets any one of the three criteria listed in ORS 654.005(5).[3]

Here, Moody (and the three other Laborworks employees who worked at the laundry) and Parsons were provided workers' compensation insurance coverage by Laborworks and Tradesmen, respectively. ORS 654.005(4). Thus, they were employees under ORS 654.005(4)(c). And Laborworks and Tradesmen each had one or more employees. Thus, they were employers as defined in ORS 654.005(5)(a). The ALJ acknowledged that Moody (and the three other

---

[2]  ORS 654.005(6) defines an "owner" as "every person having ownership, control or custody of any place of employment or of the construction, repair or maintenance of any place of employment."

[3]  ORS 654.005(7) defines a "person" as "one or more individuals, legal representatives, partnerships, joint ventures, associations, corporations (whether or not organized for profit), business trusts, any organized group of persons, the state, state agencies, counties, municipal corporations, school districts and other public corporations or subdivisions."

Laborworks employees) and Parsons both clearly fell within the definition of "employee" under ORS 654.005(4), and that Laborworks and Tradesmen both fell within the definition of an "employer" under ORS 654.005(5).

Despite acknowledging that the statutory definitions were met, however, the ALJ concluded that they did not apply. Focusing on the unique circumstance of a "joint employment" situation—under which one employer is a temporary staffing agency with no site-specific control or knowledge of the worksite—the ALJ reasoned that the statutory definitions were inapplicable because this was an "unless the context requires otherwise" situation as contemplated by the statute's preamble, which provides that the definitions apply in ORS chapter 654 "unless the context requires otherwise." Relying on federal case law and the purpose of the OSEA as provided by ORS 654.003, which is to "ensure as far as possible safe and healthful working conditions for every working person in Oregon," the ALJ reasoned that, notwithstanding the statutory definitions, an employer is subject to the provisions of the OSEA only if it has control over the workplace. The ALJ also reasoned that that conclusion was consistent with ORS 654.005(4)(a), which lists as one of the alternative definitions of "employee" a person who is "subject to the direction and control of an employer." In the order relating to Tradesmen, the ALJ explained:

> "I do not see how [Tradesmen], having no knowledge of what work the temporary employees would be assigned to perform each day and what hazards would be associated with that work, can be subject to citation by OR-OSHA for failing to ensure that the host-employer provided site-specific fall protection training.
>
> "An employer is clearly within the jurisdiction of OR-OSHA when they have control over a work environment. In this case, Tradesmen had no control over the workplace. Prior cases under federal law consider the economic realities in making the determination as to whether there is an employment relationship subject to OR-OSHA's jurisdiction. While the question of who pays the workers' wages is of interest, the courts have come down to considering the most significant factor to be whether the alleged employer has the right of control.

"* * * * *

    "OR-OSHA has not met its burden of proof. I am not
    persuaded that OR-OSHA has established, under the facts
    of this case, that Defendant is subject to the jurisdiction
    of OR-OSHA. For that reason, the November 28, 2018
    Citation and Notification of Penalty must be VACATED."

The order addressing the citations against Laborworks contains a substantially identical analysis.[4]

        On judicial review, OR-OSHA asserts that the ALJ misconstrued ORS 654.005, which it contends is unambiguous and under which both Laborworks and Tradesmen are clearly defined as employers and therefore subject to the OSEA. OR-OSHA further asserts that the ALJ erred in referring to federal case law for a definition of "employer," when the Oregon Revised Statutes include a definition.

        Although respondents acknowledge that the statutory definitions technically apply, they nevertheless defend the ALJ's determination because, in their view, "control" is an "essential element" of being an employer and therefore the ALJ did not err in determining that they were not employers. Citing the articulated purpose of the OSEA in ORS 654.003 that "[t]he purpose of the Oregon Safe Employment Act is to ensure as far as possible safe and healthful working conditions for every working person in Oregon," they argue that the OSEA cannot plausibly be understood to apply to an employer who has no control of the work or the place of employment. For instance, respondents assert, "If it is not possible for an employer to correct the hazard, it hardly seems appropriate to cite an employer for something it has no control over. Yet, that is precisely what OR-OSHA is doing here." Respondents further note the focus of the OSEA on the "place of employment," noting that ORS 654.010 provides that every employer is required to "furnish employment and a place of employment which are safe and healthful for employees therein." Emphasizing the use of the term "and" in ORS 654.010, respondents argue that the OSEA applies only

---

    [4] The ALJ characterized the issue as "jurisdictional," reasoning that the board has jurisdiction only over "employers." Whether or not that is a correct characterization is not dispositive of our analysis and we therefore do not address it in this opinion.

to employers who furnish both "employment" and "a place of employment." Respondents further argue that, considering the unique circumstances of a temporary staffing agency, the ALJ did not err in concluding that "context requires otherwise" and that federal case law provided a persuasive definition that includes a requirement of control.

The parties' dispute presents a question of statutory construction, which we review for legal error, seeking to give effect to the legislature's statutory intent as demonstrated by the text, context, and any helpful legislative history. *State ex rel Rosenblum v. Living Essentials*, *LLC*, 371 Or 23, 33, 529 P3d 939 (2023); *see generally State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009) (describing methodology).

We agree with OR-OSHA that the ALJ erred. Although it is true that we may look to federal case law on issues on which there are federal statutory or regulatory counterparts, for the particular provision at issue in this case, Oregon has adopted its own unambiguous definition of "employer," and there is no basis for referring to federal case law that applies a different definition. *See OR-OSHA v. Don Whitaker Logging, Inc.*, 329 Or 256, 263, 985 P2d 1272 (1999) (concluding that reliance on federal case law was misplaced where the OSEA provision was unique to Oregon and had no counterpart in the federal OSHA).

The difficulty with the argument advanced by respondents that relies on the ALJ's conclusion that this is a "context requires otherwise" situation is that there is no context—other than the outcome—to suggest that we should ignore the explicit definitions the legislature provided in ORS 654.005. For instance, no other applicable statute defines "employer" in a way that would exclude an employer that acts as a temporary staffing agency from the OSEA provisions without control of the worksite. And there is nothing in the OSEA statutory framework that suggests an intent to exclude from the definition of "employee" an individual who, although covered by workers' compensation, was not working at the direction and control of the entity that provided that coverage.[5] Thus, the only remaining potential

---

[5] Indeed, a contrary intention might be inferred from the legislature's inclusion of an "owner" of a place of employment among those subject to the OSEA. *See*

context that could drive the interpretation is respondents' business model. In our view, that context is not a persuasive reason to avoid the explicit definitions provided by the legislature in the statutory framework.

In short, respondents were "employers" subject to the OSEA, as unambiguously defined in ORS 654.005(5), and we are not at liberty to judicially amend the statute to require an element of control. *See* ORS 174.010 (providing that the court's role in statutory interpretation "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted"). Thus, for the foregoing reasons, we conclude that the ALJ erred in determining that respondents were not employers under the OSEA.

Reversed and remanded.

---

*Moe*, 311 Or at 505 (holding that, in a negligence action under the employer liability law, ORS 654.305 to ORS 654.336, the statutory definition of "owner" in ORS 654.005 applied, and that a defendant finance company that owned but had no custody or control of the truck that was the worker's place of employment, was nonetheless subject to the OSEA); ORS 654.015 (providing that "[n]o employer or owner shall construct or cause to be constructed or maintained any place of employment that is unsafe or detrimental to health"); *cf. Brown v. Boise-Cascade Corp.*, 150 Or App 391, 407-08, 946 P2d 324 (1997), *rev den*, 327 Or 317 (1998) (discussing *Moe* and describing the scope of an owner's obligations under the OSEA, for purposes of liability under the employer liability law, ORS 654.305 to ORS 654.336, as whether "the regulation whose violation underlies the OSEA claim is one that either explicitly, or by nature, imposes obligations on owners of premises").